IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01660-BNB

EDWARD P. MARTIN,

    Plaintiff,

v.

MARSHAL DIXON, (Individually) and in his (Official Capacity) as a Grand Junction Police Officer,
CHRIS KOPP, (Individually) and in his (Official Capacity) as a Grand Junction Police Officer,
BILL GARDNER, (Individually) and in his (Official Capacity) as Chief of Police for the Grand Junction Police Dept.,
IMMEADIATE [sic] SUPERVISOR, (Name Unknown), (Individually) and in his/her (Official Capacity) as an Immeadiate [sic] Supervisor for the Grand Junction Police Dept. Of Marshal Dixon and Chris Kopp on 12/27/06, and
TRAINING OFFICER, (Name Unknown), (Individually) and in his/her (Official Capacity) as the Training Officer for the Grand Junction Police Dept. on 12/27/06,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 10 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Edward P. Martin is in the custody of the Colorado Department of Corrections and is currently held at the Fort Lyon Correctional Facility. Mr. Martin has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his Fourth, Fifth and Fourteenth Amendment rights have been violated. Plaintiff seeks money damages in addition to a formal written apology from Defendants.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the complaint because Plaintiff is a prisoner and is seeking redress from a governmental entity and an

1

officer or employee of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. **Adickes v. S. H. Kress & Co.**, 398 U.S. 144, 150 (1970).

The Court must construe the Prisoner Complaint liberally because Mr. Martin is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. **See id.** For the reasons set forth below, the Complaint and the action will be dismissed.

In his Complaint, Plaintiff brings eight claims in relation to a search of his residence by the Grand Junction Police Department on December 27, 2006. Complaint at 4. Plaintiff alleges that Defendants Marshall Dixon and Chris Kopp entered his residence without his permission or a search warrant, where they located methamphetamine. Plaintiff was then placed under arrest for possession of a class II controlled substance, and subsequently convicted and incarcerated. In his first claim, Plaintiff alleges that Defendants Dixon and Copp conducted an illegal search and

seizure of his residence, in violation of his Fourth Amendment right. *Id.* at 9. In his second claim, Plaintiff asserts that Defendants Dixon and Copp were illegal trespassers. *Id.* at 10. In his third claim, Plaintiff asserts that Defendants Dixon and Copp illegally entered his residence. *Id.* at 12. In his fourth claim, Plaintiff asserts that Defendants Dixon and Copp performed an illegal "forced entry" into his residence. *Id.* at 14. In his fifth claim, Plaintiff asserts that Defendant Dixon made a "misrepresentation of a material fact," when Defendant Dixon stated he had an anonymous tip that methamphetamine was present in order to illegally gain entry into Plaintiff's residence. *Id.* at 16. In his sixth claim, Plaintiff asserts that Defendant Dixon's above statement was also an illegal "false statement." *Id.* at 18. In his seventh claim, Plaintiff asserts that Defendant Dixon also committed fraud when he made the above statement. *Id.* at 20. In his eighth claim, Plaintiff asserts that Defendants Bill Gardner, Immediate Supervisor (Name Unknown) and Training Officer (Name Unknown) were negligent in failing to train and supervise Defendants Dixon and Kopp. *Id.* at 21.

Plaintiff's first four claims repetitively assert that Defendants Dixon and Kopp illegally entered his home for purposes of an improper search and seizure, resulting in Plaintiff's arrest and conviction. However, Plaintiff may not recover damages for the Fourth and Fourteenth Amendment violations that he asserts because these claims challenge the validity of his conviction and sentence. **See Heck v. Humphrey**, 512 U.S. 477 (1994). In **Heck**, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply

3

the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Id.* at 486-87. However, in *Heck*, the Supreme Court recognized that allegations of an illegal search and seizure do not always implicate the validity of a conviction, noting that:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

*Id.* at 487 n. 7. As such, in cases involving claims of illegal search and seizure, the Tenth Circuit has acknowledged that *Heck* does not automatically bar these claims. ***Beck v. City of Muskogee Police Dep't***, 195 F.3d 553, 557-59 (10th Cir. 1999) (rejecting a blanket application of *Heck* and noting that *Heck* did not automatically bar the plaintiff's claims of unreasonable search and seizure); *see also **Quarterman v. Crank***, No. 00-8015, 2000 WL 988312, at *2 (10th Cir. July 6, 2000) (finding that "[a]llegations of an illegal search and seizure . . . do not always implicate the validity of a conviction") (unpublished decision).

Therefore, in order for Mr. Martin to proceed on his search and seizure claims at this time, he must prove that the search was unlawful and it caused actual,

4

compensable injury beyond the injury of being convicted. **See Heck**, 512 U.S. at 487 n. 7. Mr. Martin does not assert any injury other than the injury of being convicted; accordingly, his claims fall squarely within **Heck**. **See, e.g., Crow v. Penry**, 102 F.3d 1086, 1087 (10th Cir. 1996) (dismissing pursuant to **Heck** Fourth and Fifth Amendment claims alleging that a probation officer and others conspired to have search and arrest warrants issued where the only relief sought was for damages resulting from the arrest and related incarceration). Therefore, even though Plaintiff is asserting Fourth Amendment claims due to an alleged illegal search and seizure, the claims are barred by **Heck** and will be dismissed. The dismissal will be without prejudice. **See Fottler v. United States**, 73 F.3d 1064, 1065 (10th Cir. 1996).

The Court has also reviewed Plaintiff's claims for misrepresentation, false statement and fraud (claims five, six and seven), and finds that these claims lack merit. In these claims, Plaintiff does not allege facts demonstrating a violation of any "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." See 42 U.S.C. § 1983. Even construing Plaintiff's assertions as claims that Defendants' conduct violated Colorado criminal statutes, a federal civil rights suit is not an appropriate vehicle for bringing such claims. Moreover, if Plaintiff's allegations of inappropriate conduct could be construed as valid state law tort claims they would also not be cognizable under Section 1983. The Court will decline to exercise supplemental jurisdiction over Mr. Martin's state law claims because the constitutional claims over which the Court has original jurisdiction will be dismissed. **See** 28 U.S.C. § 1367(c)(3).

Finally, Plaintiff's eighth claim asserts that Defendants Gardner, Immediate

Supervisor (Name Unknown) and Training Officer (Name Unknown) are liable for their failure to supervise and train Defendants Dixon and Kopp. However, personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable based on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is not liable under Section 1983 "unless the plaintiff demonstrates '[a]n affirmative link' between the occurrence of the constitutional deprivation and the adoption of any plan or policy - express or otherwise - *showing their authorization or approval of such misconduct.*" **D.T. by M.T. v. Indep. Sch. Dist. No. 16 of Pawnee County**, 894 F.2d 1176, 1187 (10th Cir. 1990) (emphasis in original) (quoting **Rizzo v. Goode**, 423 U.S. 362, 371 (1976)). Therefore, "the plaintiff must establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'" **Jenkins v. Wood**, 81 F.3d 988, 995 (10th Cir. 1996) (quoting **Woodward v. City of Worland**, 977 F.2d 1392, 1399 (10th Cir. 1992)). This standard is met where the plaintiff shows that the supervisor directed the constitutional violation or had actual knowledge of and

acquiesced in the violation. *Id.*

Mr. Martin seeks to hold Defendants Gardner, Immediate Supervisor (Name Unknown) and Training Officer (Name Unknown) liable in their supervisory capacities for the actions of Defendant Dixon and Defendant Kopp. However, Mr. Martin has not demonstrated the "affirmative link" between the named Defendants and the alleged constitutional violations such that he could satisfy the supervisory liability standard. Instead, Mr. Martin apparently seeks to impose liability on these Defendants because they are "directly responsible" for supervising all police officers within their department. Complaint at 21. Permitting Mr. Martin to proceed with this claim would violate the established principle that "there is no concept of strict supervisory liability under § 1983," and therefore, this claim will be dismissed. *Jenkins*, 81 F.3d at 994.

Finally, to the extent that Mr. Martin attempts to assert a claim for failure to train against the Grand Junction Police Department, he must show that "the municipality has actual or constructive notice that its action or failure is substantially certain to result in constitutional violation, and it consciously and deliberately chooses to disregard the risk of harm." ***Barney v. Pulsipher***, 143 F.3d 1299, 1307 (10th Cir. 1999); *see also **Meade v. Grubbs***, 841 F.2d 1512, 1528 (10th Cir. 1988) (finding that liability for complete failure to train, or for training that is grossly inadequate, will only lie where future misconduct is almost inevitable). Such notice, however, is rarely demonstrated from a single incident of constitutionally deficient action or inaction. *See **Oklahoma City v. Tuttle***, 471 U.S. 808, 823 (1985). Here, the Complaint focuses solely on the incident involving Mr. Martin himself. It does not allege that Grand Junction Police Department

had actual or constructive notice of any constitutionally problematic actions by its employees that it failed to address. Nor has Mr. Martin identified any specific way in which Defendants' alleged failure to train was potentially or actually deficient. Therefore, this claim must also be dismissed. Accordingly, it is

ORDERED that claims one, two, three and four are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over claims five, six and seven. It is

FURTHER ORDERED that the Complaint and Action are dismissed.

DATED at Denver, Colorado, this 9 day of Sept, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.09-cv-01660-BNB

Edward P. Martin
Prisoner No. 139861
FLCF – Unit 5/214
PO Box 1000
Fort Lyon, CO 81038

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/10/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk